IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TOD M. HAGER,

                Plaintiff,

v.                                  CIVIL ACTION NO. 2:11-cv-00618

STAR TRANSPORT, INC. et al.

                Defendants.

**MEMORANDUM OPINION ORDER**

Pending before the Court are Defendant Star Transport's and Defendant Antonio[1] Kareem Reaves's motions to dismiss [Docket 4 & 6, respectively]. Also pending, is Defendants' joint motion to set aside the scheduling order [Docket 13]. For the reasons that follow, the Court **GRANTS** Defendants' motions to dismiss and **DENIES AS MOOT** their motion to set aside the scheduling order.

*I. BACKGROUND*

The following facts are uncontroverted: On April 21, 2011, Plaintiff, a resident of West Virginia, filed this personal injury lawsuit in the Circuit Court of Kanawha County, West Virginia. On or about August 28, 2011, Defendant Star Transport, Inc. ("Star Transport"), an Illinois corporation, received by mail two copies of Plaintiff's complaint, each of which had a summons attached. One summons was directed to Defendant Star Transport and the other to Defendant

---

[1] Defendant Reaves asserts that he is misidentified as "Antonia" in the style of this case and that his first name is "Antonio." (Docket 5 at 1.)

Antonio Reaves, a North Carolina resident. Defendant Star Transport's representative, Chuck Werry, received the complaints. Mr. Werry was not authorized to accept service for Defendant Reaves. The Kanawha County Court docket indicates that no return of service was ever filed with state court clerk's office. (Docket 6-1.) Nor does the state court docket have an entry indicating that the clerk of that court ever served or attempted to serve either Defendant. (*Id.*)

On September 13, 2011, Defendant Star Transport, Inc. filed its original Notice of Removal (Docket 1) and, on September 19, 2011, filed its Amended Notice of Removal (Docket 3). On September 20, 2011, both Defendants moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(5) alleging insufficient service of process (Docket 4 & 6).

Pursuant to S.D.W. Va. R. 7.1(a)(7), in this District a response to a motion must be filed within fourteen days from the date of service of the motion. Plaintiff has not filed a response to the Defendants' motions to dismiss.

## II. LEGAL STANDARDS

A party may move to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Where service of process occurred prior to removal to federal court, state law controls the question of whether service was proper. *Wolfe v. Green*, 660 F. Supp.2d 738, 745-46 (S.D.W. Va. 2009) (Copenhaver, J.) (citing *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir.1993)). After removal, the Federal Rules of Civil Procedure govern. Fed.R.Civ.P. 81(c)(1).

It is a plaintiff's burden to establish proper service of process. *Wolfe*, 660 F. Supp.2d at 745–46.

Where a plaintiff fails to respond to a motion to dismiss within the time period set forth by the applicable procedural rules, a court may rule on the motion to dismiss "on the uncontroverted

bases asserted therein." *Pueschel*, 369 F.3d at 354; *see also* 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2009).

### III. DISCUSSION

Defendants challenge the timeliness, as well as the manner, of Plaintiff's purported service of process.

Whether Plaintiff's purported service of process is legally sufficient implicates state and federal procedural rules. Rule 4(k) of the West Virginia Rules of Civil Procedure provides:

> **(k) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Where, however, a defendant has not been served, service has not been perfected, or service is defective, then federal law governs. *Wallace v. Comm. Radiology*, 2011 WL 4596694, No. 1:09-cv-0511 (S.D.W.Va. Sept. 30, 2011); Fed.R.Civ.P. 81(c)(1). Pursuant to 28 U.S.C. § 1448, in cases removed from state court to federal court

> in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

The 120-day time period for service of process in a removal action runs from the date of the removal—not the date that the state court complaint was originally filed. *Wallace v. Cmty. Radiology*, No. 1:09-0511, 2011 WL 4596694 (S.D.W. Va. Sept. 30, 2011) citing *Motsinger v. Flynt*, 119 F.R.D. 373, 376–77 (M.D.N.C.1988); *RDLG, LLC v. RPM Group, LLC*, 2010 WL 6594916, *5–6 (W.D.N.C. 2010); *see also G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F.Supp.2d

99, 102 (E.D.N.Y.1999); *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp.2d 514, 519 (D. Md.1998); *Russo v. Prudential Ins. Co.*, 116 F.R.D. 10, 12 (E.D. Pa.1986).

Defendant removed this case from state court to federal court on September 13, 2011. (Docket 1.) Thus, Plaintiff was required to serve Defendants on or before January 11, 2012. Plaintiff failed to file any response to Defendants' motion to dismiss or to their motion to set aside the scheduling order and, thus, failed to carry his burden in showing that service of process was made.

The Court's independent review of the record shows that Plaintiff failed to serve either Defendant. The question of whether service of process on Defendant Star Transport, a foreign corporation, was insufficient is governed by Rules (d)(7) and (8) of the West Virginia Rules of Civil Procedure. These Rules provide in pertinent part:

> (7) *Foreign Corporations and Business Trusts Qualified to Do Business*. Upon a foreign corporation, including a business trust, which has qualified to do business in the State, by delivering or mailing in accordance with paragraph (1) above a copy of the summons and complaint as provided in Rule 4(d)(5).
>
> (8) *Foreign Corporations and Business Trusts Not Qualified to Do Business*. Upon a foreign corporation, including a business trust, which has not qualified to do business in the State,
>
>> (A) by delivering or mailing in accordance with paragraph (1) above a copy of the summons and complaint to any officer, director, trustee, or agent of such corporation; or
>>
>> (B) by delivering or mailing in accordance with paragraph (1) above copies thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf.

The question of whether service of process on Defendant Antonio Reaves was sufficient is governed by Rule 4(d)(1) of the West Virginia Rules of Civil Procedure. That provision states in pertinent part that service on an individual may be accomplished by

> (A) Delivering a copy of the summons and complaint to the individual personally; or
>
> (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
>
> (C) Delivering a copy of the summons and complaint to an agent or attorney–in–fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or
>
> (D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or
>
> (E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

Defendant Star Transport contends that service of process failed to comply with W. Va. R. Civ. P. 4. because "they were not mailed by the Circuit Clerk," "were not accompanied by the required notice and acknowledgment forms," and were not "forwarded by certified mail by the West Virginia Secretary of State." (Docket 5 at 4.) Defendant also contends that Plaintiff failed to effectuate service within 120 days after filing of the complaint. (*Id.* at 5.)

Defendant Antonio Reaves contends that he has never been served. (Docket 6 at 1.)

The Court accepts Defendants' uncontroverted assertions as true. Based on Defendants' assertions and the Court's independent review of the record, the Court **FINDS** that Plaintiff has

failed to serve Defendant Star Transport and Defendant Antonio Reaves.  The Court further **FINDS** that based on Plaintiff's failure to defend Defendants' motions, Plaintiff has failed to prosecute this case.

### IV.  CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motions to dismiss [Docket 4, 6] , **DENIES AS MOOT** their motion to set aside the scheduling order [Docket 13], **DISMISSES** this case **WITHOUT PREJUDICE**, and **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      August 1, 2012

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE